# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3712

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jason B. Eckart, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  March 28, 2000
Filed:   April 3, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Jason Eckart pleaded guilty to conspiring to commit mail theft, in violation of 18 U.S.C. §§ 371 and 1708.  The district court[1] denied his request for a two-level reduction for acceptance of responsibility, and sentenced him to six months imprisonment and two years supervised release.  The court noted that it would have imposed the same sentence even if it had granted Eckart's request for an acceptance-of-

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

responsibility reduction. Eckart appeals, arguing that the court erred in denying the requested reduction.

If Eckart had received an acceptance-of-responsibility reduction, his resulting Guidelines range would have been zero-to-six months, rather than six-to-twelve months. Because the district court stated at sentencing that it would have imposed the same six-month prison term under either range, we need not consider the merits of Eckart's acceptance-of-responsibility argument. <u>See</u> <u>United States v. Riascos</u>, 944 F.2d 442, 445 (8th Cir. 1991) (no need for remand if sentencing ranges overlap and district court notes that it would impose same sentence under either range, because sentence would be unaffected).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.